UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TUYEN PHAM

                           Plaintiff,

                -against-

JAISON O. MCALMONT and IMPERATORE
COURIER SYSTEMS, INC.

                        Defendants
-----------------------------------------------------------X

Filed Electronically
Civ. 07 5079

(Supreme Court, Kings County)
Index Number: 40860/07

DEARIE, CH. J.

**NOTICE OF FILING OF NOTICE OF REMOVAL**

POLLAK, M.J

★ DEC 0 6 2007 ★

BROOKLYN OFFICE

     PLEASE TAKE NOTICE that the attached Notice of Removal of this action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, was duly filed on December 6, 2007 in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1391(a)(2).

Dated: New York, New York
       December 5, 2007

                                      Yours, etc.
                                      GALVANO & XANTHAKIS, P.C.

                                      By: Craig Lamster (1195)
                                      Attorneys for Defendants
                                      150 Broadway, Suite 2100
                                      New York, New York 10038
                                      (212) 349-5150

TO:    FREDRICK A. SCHULMAN, PLLC.
        Attorneys for Plaintiff
        100 William Street, Suite 310
        New York, N.Y. 10038
        (212) 871-1300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TUYEN PHAM

                      Plaintiff,

-against-

JAISON O. MCALMONT and IMPERATORE
COURIER SYSTEMS, INC.

                      Defendants
---------------------------------------------------------X

*Filed Electronically*

07   5079

(Supreme Court Kings County)
Index Number: 40860/07

**DEARIE, CH.J.**

**POLLAK, M.J**

**NOTICE OF FILING OF
NOTICE OF REMOVAL**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 06 2007   ★

BROOKLYN OFFICE

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. 1441, defendants, JAISON O. MCALMONT and IMPERATORE COURIER SYSTEMS, INC., hereby remove the above-captioned action from the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York. Defendants appear for the purpose of removal only and for no other purpose and reserve all defenses available to them.

Defendants allege as follows:

    1. Plaintiff has purported to commence the above-captioned action against the defendants in the Supreme Court of the State of New York, Kings County. The defendant, IMPERATORE COURIER SYSTEMS, INC. received a copy of the summons and complaint on November 12, 2007. (Copy summons and complaint attached as Exhibit A) That said action is now pending in the Supreme Court of the State of New York, Kings County; that this Notice is being filed within thirty (30) days after the receipt of such initial pleading, pursuant to 28 U.S.C. 1446 (b).

    2. The Summons and Verified Complaint constitutes all process and pleading in the state court action to date. (Exhibit A)

3. Upon information and belief and as alleged in the Summons and Verified Complaint, plaintiff is a resident of the State of New York.

4. Defendants at the commencement of the above-captioned action are residents of the State of New Jersey. The principal place of business for defendant, IMPERATORE COURIER SYSTEMS, INC. is 400 Maltese Drive, Totowa, New Jersey 07512. Defendant, JAISON O. MCALMONT resides at 624 Chestnut Street, Roselle, New Jersey 07203. The plaintiff's summons also lists the above addresses for the defendants.

5. Plaintiff's complaint alleges that plaintiff was injured on November 16, 2006 as the result of a pedestrian knockdown at the intersection of 53rd Street and Broadway New York, New York. **Specifically, the plaintiff alleges "That on or about November 16, 2006, while plaintiff TUYEN PHAM was lawfully and properly walking as a pedestrian over and upon the aforesaid public street and thoroughfare defendants so negligently and carelessly owned, operated, maintained, managed and controlled their motor vehicle so as to cause same to violently strike, crash into and collide with the person of this plaintiff, thereby causing him to sustain severe and serious injuries."** (See Exhibit A, paragraph 28) Plaintiff further alleges "That as a result of the aforesaid contact, **plaintiff TUYEN PHAM was rendered sick, sore lame and disabled; sustained severe and painful personal injuries; sustained severe nervous shock, mental anguish and great physical pain; was confined to bed and home for a long period of time; was compelled to undergo hospital and medical aid; treatment and attention; has suffered loss of enjoyment of life; was prevented from engaging in his usual occupation for a long period of time; and since some of his injuries are of a permanent nature he will continue to suffer similar damages in the future".** (See Exhibit A, paragraph 29) The amount in controversy is in excess of $75,000 for alleged personal injuries.

6. The above-captioned action, therefore, is one of which this Court has original jurisdiction

under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by the defendants herein pursuant to the provisions of 28 U.S.C § 1441(a), in that it is a civil action in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and are between citizens of different states.

7. Defendants will promptly file a copy of this Notice in the Supreme Court of the State of New York for the County of Kings, and will serve a copy of this Notice on counsel for plaintiff, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that the above-captioned action now pending against it in the Supreme Court of the State of New York for the County of Kings be removed from there to this Court.

Dated: New York, New York
December 5, 2007

> Yours, etc.
> GALVANO & XANTHAKIS, P.C.
>
> By: _____
> Craig Lamster (1195)
> Attorneys for Defendants
> 150 Broadway, Suite 2100
> New York, New York 10038
> (212) 349-5150

...

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TUYEN PHAM

                      Plaintiff,

   -against-

JAISON O. MCALMONT. And IMPERATORE
COURIER SYSTEMS, INC.

                     Defendants
------------------------------------------------------------X

*Filed Electronically*

Civ.

(Supreme Court, Kings County)
Index Number: 40860

**RULE 7.1 DISCLOSURE**

PURSUANT TO FRCP 7.1 AND TO ENABLE JUDGES AND MAGISTRATE JUDGES OF THE COURT TO EVALUATE POSSIBLE DISQUALIFICATION OR RECUSAL, THE UNDERSIGNED COUNSEL FOR DEFENDANTS, JAISON O. MCALMONT. And IMPERATORE COURIER SYSTEMS, INC., CERTIFIES THAT THE FOLLOWING ARE CORPORATE PARENTS, AFFILIATES AND/OR SUBSIDIARIES OF SAID PARTY WHICH ARE PUBLICLY HELD AND/OR WHICH OWN 10% MORE OF THE STOCK OF SAID PARTY.  **NONE**

DATE: December 5, 2007

By: CRAIG A. LAMSTER (1195)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X
TUYEN PHAM,

                Plaintiff,

      -against-

JAISON O. MCALMONT and IMPERATORE COURIER
SYSTEMS, INC.,

               Defendants.
------------------------------------------------------------X

Index No.: 40860/07

**NOTICE OF SERVICE OF PROCESS PURSAUNT TO V.T.L. § 253**

**PLEASE TAKE NOTICE**, that pursuant to § 253 of the Vehicle and Traffic Law of the State of New York, you have been served with the Summons and Verified Complaint in the within action by service of process on the Secretary of State of the State of New York on November 5, 2007.

**PLEASE TAKE FURTHER NOTICE**, that a copy of the Summons and Verified Complaint is enclosed herein.

Dated: New York, New York
       November 5, 2007

                                  Yours, etc.

                                  FREDRICK A. SCHULMAN, PLLC

                                  by: _____
                                  Fredrick A. Schulman, Esq.
                                  *Attorneys for Plaintiff*
                                  *TUYEN PHAM*
                                  100 William Street · Suite 310
                                  New York, NY 10038
                                  (212) 871-1300

TO:   JAISON O. MCALMONT
        624 Chestnut Street
        Roselle, NJ 07203

        IMPERATORE COURIER SYSTEMS, INC.
        400 Maltese Drive
        Totowa, NJ 07512

Index No. 40860/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

TUYEN PHAM,

                                         Plaintiff,

    -against-

JAISON O. MCALMONT and IMPERATORE COURIER SYSTEMS, INC.,

                                         Defendants.

---

### NOTICE OF SERVICE OF PROCESS PURSAUNT TO V.T.L. § 253

---

## FREDRICK A. SCHULMAN, PLLC

*Attorneys for Plaintiff*
*TUYEN PHAM*
100 William Street · Suite 310
New York, NY 10038
(212) 871-1300

---

TO:    JAISON O. MCALMONT
        624 Chestnut Street
        Roselle, NJ 07203

        IMPERATORE COURIER SYSTEMS, INC.
        400 Maltese Drive
        Totowa, NJ 07512

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
TUYEN PHAM,

                           Plaintiff,

      -against-

JAISON O. MCALMONT and IMPERATORE COURIER
SYSTEMS, INC.,

                         Defendants.
---------------------------------------------------------------X

Index No.: 40860/07
Date Purchased: 11-5-07

**SUMMONS**

Plaintiff designates KINGS
County as the place of trial.

The basis of venue is:
Residence of plaintiff

Plaintiff resides at:
3912 9th Avenue
Brooklyn, NY 11232
County of Kings

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
      November 5, 2007

                                              FREDRICK A. SCHULMAN, ESQ.
                                              **FREDRICK A. SCHULMAN, PLLC**
                                              *Attorneys for Plaintiff*
                                              100 William Street - Suite 310
                                              New York, NY 10038
                                              (212) 871-1300

TO:    JAISON O. MCALMONT
         624 Chestnut Street
         Roselle, NJ 07203

         IMPERATORE COURIER SYSTEMS, INC.
         400 Maltese Drive
         Totowa, NJ 07512


KINGS COUNTY CLERK
RECEIVED
2007 NOV -5 AM 10: 39

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X
TUYEN PHAM,

                     Plaintiff,

    -against-

JAISON O. MCALMONT and IMPERATORE COURIER
SYSTEMS, INC.,

                     Defendants.
----------------------------------------------------------------X

Index No.: 40860/07

**VERIFIED COMPLAINT**

       Plaintiff, by his attorneys, **FREDRICK A. SCHULMAN, PLLC**, complaining of the defendants, respectfully states and alleges, upon information and belief:

1. At all times herein mentioned, plaintiff **TUYEN PHAM** was, and still is a resident of the County of Kings, City and State of New York.

2. At all time herein mentioned, defendant **JAISON O. MCALMONT** was, and still is a resident of the Borough of Roselle, County of Union, State of New Jersey.

3. At all time herein mentioned, defendant **IMPERATORE COURIER SYSTEMS, INC.** was, and still is a resident of the Borough of Totowa, County of Passaic, State of New Jersey.

4. That at all times hereinafter mentioned, defendant **IMPERATORE COURIER SYSTEMS, INC.** was, and still is a foreign business corporation, and was and still is duly authorized to do business in the State of New York.

5. At all times herein mentioned, and on November 16, 2006, defendant **IMPERATORE COURIER SYSTEMS, INC.** owned a 2001 Ford motor vehicle bearing VIN

1

number 1FTNS24291HB36573 and bearing New Jersey license plate number XF791K.

6. At all times herein mentioned, and on November 16, 2006, defendant JAISON O. MCALMONT operated the aforesaid motor vehicle.

7. At all times herein mentioned, and on November 16, 2006, defendant JAISON O. MCALMONT operated the aforesaid motor vehicle with the permission of its owner, defendant IMPERATORE COURIER SYSTEMS, INC.

8. At all times herein mentioned, and on November 16, 2006, defendant JAISON O. MCALMONT operated the aforesaid motor vehicle with the knowledge of its owner, defendant IMPERATORE COURIER SYSTEMS, INC.

9. At all times herein mentioned, and on November 16, 2006, defendant JAISON O. MCALMONT operated the aforesaid motor vehicle with the consent of its owner, defendant IMPERATORE COURIER SYSTEMS, INC.

10. At all times herein mentioned, and on November 16, 2006, defendant JAISON O. MCALMONT leased the aforementioned vehicle from defendant IMPERATORE COURIER SYSTEMS, INC.

11. At all times herein mentioned, and on November 16, 2006, defendant JAISON O. MCALMONT was employed by defendant IMPERATORE COURIER SYSTEMS, INC.

12. At all times herein mentioned, and on November 16, 2006, defendant JAISON O. MCALMONT operated the aforesaid motor vehicle within the scope of his employment with its owner, defendant IMPERATORE COURIER SYSTEMS, INC.

13. At all times herein mentioned, and on November 16, 2006, defendant JAISON O.

2

MCALMONT was the agent of defendant **IMPERATORE COURIER SYSTEMS, INC.**

14. At all times herein mentioned, and on November 16, 2006, defendant **IMPERATORE COURIER SYSTEMS, INC.** was the principal of defendant **JAISON O. MCALMONT**.

15. At all times herein mentioned, and on November 16, 2006, a principal-agent relationship existed between defendant **IMPERATORE COURIER SYSTEMS, INC.** and defendant **JAISON O. MCALMONT**.

16. At all times herein mentioned, and on November 16, 2006, defendant **JAISON O. MCALMONT** maintained the aforesaid motor vehicle.

17. At all times herein mentioned, and on November 16, 2006, defendant **IMPERATORE COURIER SYSTEMS, INC.** maintained said motor vehicle.

18. At all times herein mentioned, and on November 16, 2006, defendant **JAISON O. MCALMONT** managed the aforesaid motor vehicle.

19. At all times herein mentioned, and on November 16, 2006, defendant **IMPERATORE COURIER SYSTEMS, INC.** managed the aforesaid motor vehicle.

20. At all times herein mentioned, and on November 16, 2006, defendant **JAISON O. MCALMONT** controlled the aforesaid motor vehicle.

21. At all times herein mentioned, and on November 16, 2006, defendant **IMPERATORE COURIER SYSTEMS, INC.** controlled the aforesaid motor vehicle.

22. At all times herein mentioned, and on November 16, 2006, defendant **JAISON O. MCALMONT** repaired the aforesaid motor vehicle.

3

23. At all times herein mentioned, and on November 16, 2006, defendant **IMPERATORE COURIER SYSTEMS, INC.** repaired the aforesaid motor vehicle.

24. That on November 16, 2006, Broadway and West 53rd Street, in the County, City and State of New York, were and still are public thoroughfares.

25. That on November 16, 2006, defendant **JAISON O. MCALMONT** operated the aforesaid motor vehicle at or about the intersection of Broadway and West 53rd Street, in the County, City and State of New York.

26. That on November 16, 2006, plaintiff **TUYEN PHAM** was a lawful pedestrian at the above-mentioned location.

27. That on November 16, 2006, the motor vehicle owned by defendant **IMPERATORE COURIER SYSTEMS, INC.** and operated by defendant **JAISON O. MCALMONT** came into contact with the plaintiff **TUYEN PHAM** at the above-mentioned location.

28. That on or about November 16, 2006, while plaintiff **TUYEN PHAM** was lawfully and properly walking as a pedestrian over and upon the aforesaid public street and thoroughfare, defendants so negligently and carelessly owned, operated, maintained, managed and controlled their motor vehicle so as to cause same to violently strike, crash into and collide with the person of this plaintiff, thereby causing him to sustain severe and serious injuries.

29. That as a result of the aforesaid contact, plaintiff **TUYEN PHAM** was rendered sick, sore lame and disabled; sustained severe and painful personal injuries; sustained severe nervous shock, mental anguish and great physical pain; was confined to bed and home for a long

4

period of time; was compelled to undergo hospital and medical aid, treatment and attention; has suffered loss of enjoyment of life; was prevented from engaging in his usual occupation for a long period of time; and since some of his injuries are of a permanent nature, he will continue to suffer similar damages in the future.

30. That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the defendants and/or said defendants' agents, servants, employees and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

31. Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, repair and control of their aforesaid vehicle and defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

32. That the defendants, their agents, servants and/or employees were careless and negligent in the ownership, operation, maintenance, management and control of their motor vehicle; in allowing and permitting their motor vehicle to be operated in a dangerous and excessive rate of speed under the circumstances; in failing to exercise due care and control of their motor vehicle on the public thoroughfare; in failing to make timely, proper and adequate use of the brakes of their motor vehicle; in failing to observe and take heed of the traffic and road conditions before and at the time of the accident; in causing their motor vehicle to violently strike and come into contact with the person of the plaintiff; in failing to give due warning of their approach; in operating

5

said motor vehicle at a fast, excessive and dangerous rate of speed in view of the surrounding circumstances and conditions then and there existing and without keeping a proper lookout for pedestrians, including this plaintiff lawfully and properly at the aforementioned thoroughfare; in failing to operate their motor vehicle in such a manner so as to avoid violating the rules of the road and of the statutes and ordinances in such cases made and provided; and defendants were otherwise negligent and careless.

33. That plaintiff **TUYEN PHAM** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by § 5104 of the Insurance Law of the State of New York.

34. That this action falls within one or more of the exceptions set forth in CPLR § 1602.

35. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts

**WHEREFORE**, plaintiff demands judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower courts, together with the costs and disbursements of this action.

Dated: New York, NY
November 5, 2007

_____
FREDRICK A. SCHULMAN, ESQ.
FREDRICK A. SCHULMAN, PLLC
*Attorneys for Plaintiff*
*TUYEN PHAM*
100 William Street · Suite 310
New York, NY 10038
(212) 871-1300

6

## ATTORNEY'S VERIFICATION

FREDRICK A SCHULMAN, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of FREDRICK A. SCHULMAN, PLLC, attorneys of record for Plaintiff.

I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not by the plaintiff is that Plaintiff is not presently in the county wherein I maintain my offices.

Dated: New York, NY
November 5, 2007

_____
FREDRICK A. SCHULMAN, ESQ.

Index No. 40860/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

TUYEN PHAM,

                                                                             Plaintiff,

-against-

JAISON O. MCALMONT and IMPERATORE COURIER SYSTEMS, INC.,

                                                                            Defendants.

---

**SUMMONS AND VERIFIED COMPLAINT**

---

# FREDRICK A. SCHULMAN, PLLC

*Attorneys for Plaintiff*
*TUYEN PHAM*
100 William Street · Suite 310
New York, NY 10038
(212) 871-1300